**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO GUADALUPE GARCIA-FELIX, AKA Pedro Garcia Garcia, AKA Pedro Guadalupe Garcia, AKA Pedro Garcia Felix, | No. 16-72921 |
| Petitioner, | Agency No. A208-362-528 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Pedro Guadalupe Garcia-Felix, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his request for a continuance

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and his applications for cancellation of removal and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying Garcia-Felix's request for a continuance to apply for adjustment of status where he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to be considered in determining whether the denial of a continuance constitutes an abuse of discretion); *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (holding that the IJ's denial of a continuance was not an abuse of discretion where there was no available relief). The agency properly considered Garcia-Felix to have not demonstrated prima facie eligibility for adjustment of status where he failed to meet his burden of proof to establish that his 1995 conviction under California Health and Safety Code ("CHSC") § 11351 was not a controlled substance violation that renders him inadmissible. *See* 8 U.S.C. §§ 1255(i)(2), 1182(a)(2)(A)(i)(II); *Pereida v. Wilkinson*, 141 S.Ct. 754, 766 (2021) (an inconclusive conviction record is insufficient to meet applicant's burden of proof to show eligibility for relief).

The agency did not err in concluding that Garcia-Felix failed to establish that his 1995 conviction under CHSC § 11351 was not a controlled substance

violation that renders him ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1229b(b), 1182(a)(2)(A)(i)(II); *Pereida*, 141 S.Ct. at 766. Thus, Garcia-Felix's cancellation of removal claim fails.

The agency also did not err in concluding that Garcia-Felix failed to establish that his 1995 conviction under CHSC § 11351 was not an aggravated felony that renders him ineligible for voluntary departure. *See* 8 U.S.C. §§ 1229c(b), 1101(a)(43)(B); *Pereida*, 141 S.Ct. at 766.

Garcia-Felix's motion to strike non-party filing is granted.

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**